FILED
SUPERIOR COURT
OF GUAM

2019 AUG 15 PM 2: 06

CLERK OF COURT

By:_____

### IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CYNTHIA L. TUCKER and TIFFANY TROXEL,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM and GUAM MEMORIAL HOSPITAL AUTHORITY,<br><br>Defendants. | Superior Court Case No. **CV0730-17**<br><br>**DECISION AND ORDER<br>RE<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT** |

The Court here considers Defendant Government of Guam's Motion for Summary Judgment, filed on March 29, 2019. Having considered the parties' arguments and applicable law, the Court DENIES the Government's Motion.

### I. PROCEDURAL HISTORY

Plaintiff Cynthia L. Tucker was allegedly walking on a sidewalk on July 21, 2015, when she partly fell into an uncovered PVC pipe and suffered injuries. Compl. ¶ 12 (July 24, 2017); Troxel Decl. ¶¶ 4-5 (May 23, 2019). She alleges that the Government of Guam negligently failed to repair, maintain, and warn the public about the defective sidewalk when it had a duty to do so. Compl. ¶ 11. The Government of Guam denies knowledge of the sidewalk's defect and moves for summary judgment on the grounds that Plaintiffs have produced no evidence that the Government of Guam knew or should be constructively charged with knowledge of its defect. Mot. Summ. J. at 1 (Mar. 29, 2019).

### II. UNDISPUTED FACTS

ORIGINAL

1. There was a hole in the public sidewalk adjacent to Pedro Palomo Park on July 21, 2015. Compl., Pl.'s Notice of Claim (Mar. 15, 2016); Compl., Def.'s Letter Denying Gov't Liability (Sept. 20, 2016).

2. Guam's Department of Public Works has exclusive control over structural modifications to sidewalks within the pubic right of way and the department has a duty to inspect Guam's sidewalks. Minute Entry (June 26, 2019).

## III. DISCUSSION

### A. Summary Judgment Standard

A court may grant summary judgment if evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Guam R. Civ. P. 56(c). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Iizuka Corp.*, 1997 Guam 10 ¶ 7." "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7. "The Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Id.*

### B. Knowledge/Constructive Knowledge Standard

To succeed on a premises liability action, a plaintiff must demonstrate the defendant "caused the condition, or had actual or constructive knowledge of the existence of the condition



in sufficient time to correct it." *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 23. A defendant's failure to inspect the premises within a reasonable amount of time raises an inference that the faulty condition existed a sufficient amount of time for the defendant to discover and remedy the defect. *Id.*

The Government of Guam contends that Tucker cannot impute the Government with knowledge of the sidewalk's defect without evidence demonstrating how long the PVC pipe was uncovered at the time of her fall. Mot. Summ. J. at 7. However, Tucker's fiance at the time, Plaintiff Troxel, witnessed Tucker's fall and when she peered into the hole, theorized the hole had been uncovered for at least three days based on debris in the hole. Troxel Decl. ¶¶ 5-6.

Therefore, the main issue is whether the Court can determine, as a matter of law, that three days is an unreasonable amount of time to impute to the Government knowledge of the sidewalk's defect. Because no Guam case law exists which addresses the issue, the Court looks to other states' case law.

Courts have granted summary judgment motions when "there was a virtual absence of any evidence with which the jury could have reasonably inferred" that the city had a reasonable opportunity to discover and repair a sidewalk's defect. *Beamon v. City of Highland Park*, 271 N.W.2d 187, 189 (Mich. Ct. App. 1978); *see also Lumbley v. City of Coffeyville*, 84 P.3d 636 (Kan. Ct. App. 2004) (finding that less than a day's notice "was so recent that even in the exercise of the reasonable and continuing inspection which the law requires [the city] would not have discovered [the ice patch] in time to remedy it by the exercise of reasonable care."); *Wood v. Salt Lake City Corporation*, 374 P.3d 1080 (Utah Ct. App. 2016). In *Beamon*, the plaintiff "merely proved that the defect existed at the moment of her fall" and this was not sufficient evidence to show the defect was "long-standing" or "notorious." *Id.* However, in *Hampton v.*

ORIGINAL

*Master Prod., Inc.,* the court found two days to be a sufficient amount of time to put the city on reasonable notice of a snowbank the plaintiff tripped over when viewed in conjunction with other factors. 270 N.W.2d 514, 517 (Mich. Ct. App. 1978); *see also Clark v. City of Atlanta,* 744 S.E.2d 122, 124 (Ga. App. 2013) (finding that "even slight evidence" of a sidewalk's defect existing for at least seven months is sufficient to defeat a motion for summary judgment"); 86 Am. Jur. Proof of Facts 3d 327 ("there is no general standard or rule to indicate what might be a 'reasonable' length of time within which a public authority or an abutting landowner or occupier should have known of the dangerous or defective condition.").

Given the lack of definitive caselaw, the Court declines to delineate as a matter of law how many days, weeks, months, or years, establish a bright-line test for reasonable notice. Instead, viewing the evidence in the light most favorable to the non-movant, the Court finds a genuine issue of material fact still exists for a trier of fact to decide. More specifically, the trier of fact shall determine, among the other issues concerning liability and damages, whether three days presented a reasonable amount of time to place the Government on notice of the sidewalk defect.

## IV.   <u>CONCLUSION</u>

The Court DENIES the Government's Motion for Summary Judgment because genuine issues of material fact remain.

SO ORDERED this 15th day of August 2019.



**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing attorneys:

William L. Gavras, Esq., Law Offices of William L. Gavras, for Plaintiffs Cynthia L. Tucker and Tiffany Troxel

Monty R. May, Assistant Attorney General, for Defendant Government of Guam

ORIGINAL